IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

SANDRA SAMUELSON,

Defendant.

4:20-CR-3128

MEMORANDUM AND ORDER

This matter is before the Court on defendant Sandra Samuelson's motion to dismiss the indictment (filing 144) for alleged violations of her statutory and constitutional right to a speedy trial. For the reasons outlined below, the Court will deny this motion.

## I. STANDARD OF REVIEW

One's statutory right to a speedy trial is codified in the Speedy Trial Act which "requires that a federal criminal defendant be brought to trial within 70 days of his indictment or arraignment, whichever is later." *United States v. Elmardoudi*, 501 F.3d 935, 941 (8th Cir. 2007) (quoting 18 U.S.C. § 3161(c)(1)). However, the statute outlines a number of "excludable periods of time." *Id*. (quoting § 3161(h)). "If more than 70 *nonexcludable days* elapse without the defendant being brought to trial, the indictment shall be dismissed upon the defendant's motion." *Id*. (quoting 18 U.S.C. § 3162(a)(2)) (emphasis added).

The Sixth Amendment also secures one's right to a speedy trial. *Id*. at 943. This right "attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Cooley*, 63 F.4th 1173, 1177 (8th Cir. 2023). But the constitutional right to a speedy trial

cannot be quantified into a specified number of days. *Id*. at 1180. Instead, if the delay between an indictment and the defendant's motion to dismiss is presumptively prejudicial—typically delay approaching one year—the Court must "analyze the four factors . . . under *Barker v. Wingo*, 407 U.S. 514 (1972)," to determine if a Sixth Amendment violation has occurred. *Id*. The four factors include: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of her speedy trial right; and (4) prejudice to the defendant. *Id*.

## II. DISCUSSION

To determine if Ms. Samuelson's speedy trial rights have been violated, the Court must closely analyze the timeline of this prosecution. On November 20, 2020, Ms. Samuelson was indicted for allegedly possessing, on or about September 12, 2020, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1). Filing 1. On December 22, 2020, she was arraigned on this charge, pled not guilty, and the trial was set for February 22, 2021. *See* filing 8. Ms. Samuelson's statutory speedy trial clock began to run the next day. *See United States v. Dezeler*, 81 F.3d 86, 88 (8th Cir. 1996).

**Thirteen non-excludable days** then elapsed before Ms. Samuelson filed a motion to review her pretrial detention on January 5, 2021. *See* filing 16. The Magistrate Judge ruled on that motion the next day. *See* filing 19. The two-day period during which this motion was filed and decided are excludable days under § 3161(h)(1)(F) of the Speedy Trial Act. *See United States v. Moses*, 15 F.3d 774, 777 (8th Cir. 1994). An additional **thirty-three non-excludable days** then elapsed before Ms. Samuelson's first motion to continue was granted on February 9, 2021, again stopping the clock. *See* filing 22; filing 23; *see also United States v. Fogg*, 922 F.3d 389, 392 (8th Cir. 2019) (explaining that under

2

§ 3161(h)(7)(A) "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," is excluded from the 70-day speedy trial calculation). And Ms. Samuelson explicitly agreed to an excludable period in her motion, requesting the trial be continued until May 24, 2021, and agreeing that all of the days during this period "be excluded under the Speedy Trial Act."[1] *See* filing 22.

From here, there was a string of excludable days in response to four additional motions to continue filed by Ms. Samuelson—each was filed before the excludable period set by the previous motion to continue expired, and further extended that period. *See* filing 24; filing 25; filing 26; filing 27; filing 28; filing 29; filing 31; filing 33. The excludable period set by the last of these motions was set to expire on December 22, 2021. *See* filing 33.

Before that occurred, the government filed a Superseding Indictment on December 14, 2021. *See* filing 34. The charge against Ms. Samuelson remained the same; however, Jeremiah Schnoor was added as a co-defendant. *See* filing 34. Consequently, Ms. Samuelson's 70-day period under the Speedy Trial Act

---

[1] It is pertinent that six of Ms. Samuelson's eight motions to continue filed in this case (and discussed further below) were written motions, and each of these asserted a continuance was "in the best interest of justice" and "that the additional time requested should be excluded under the Speedy Trial Act." *See* filing 22; filing 24; filing 26; filing 28; filing 68; filing 70. Additionally, in the Orders granting each motion, the Magistrate Judge informed Ms. Samuelson that "[f]ailing to object to [an] order as provided under this court's local rules [would] be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act." *See* filing 23; filing 25; filing 27; filing 29; filing 69; filing 71. Ms. Samuelson did not object to any of these orders.

3

***reset and began to run anew*** on December 18, 2021, the day after Mr. Schnoor was arraigned on the superseding indictment. *See* filing 43; *see also* *United States v. Lightfoot*, 483 F.3d 876, 885-86 (8th Cir. 2007) ("Pursuant to section 3161(h)(7), we have held that when a newly indicted or arraigned defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will reset so that it reflects the speedy trial clock of the newly added co-defendant. . . . Thereafter, all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants.").

From there, **thirty-one non-excludable days** elapsed until Mr. Schnoor's first motion to continue was granted on January 18, 2022. *See* filing 58. In granting this motion, the Magistrate Judge set the trial for February 25, 2022, and deemed all the days until that date excludable as to both defendants. *See* filing 58. A nearly identical motion was granted on February 25, 2022, excluding the time until the new trial date, April 1, 2022, as to both defendants. *See* filing 67. Ms. Samuelson did not object to either of these continuances. **Thirteen non-excludable days** then elapsed from April 2, 2022, to the granting of Ms. Samuelson's unopposed motion to continue (filing 68) on April 15, 2022. *See* filing 69. As in her other motions to continue, Ms. Samuelson agreed that the additional time requested—April 15, 2022, until June 13, 2022—would be excluded under the Speedy Trial Act. *See* filing 68; filing 69.

Before this excludable period ended, Ms. Samuelson filed another motion to continue based on the identification of new witnesses. Filing 70. The granting of this motion led to the excludable period extending until September 12, 2022. *See* filing 70; filing 71. And once again, before this excludable period expired, it was extended as to both defendants until October 11, 2022, upon

the granting of an unopposed motion to continue filed by Mr. Schnoor. *See* filing 72; filing 73.

On October 5, 2022, the government filed a new criminal complaint against Mr. Samuelson and Mr. Schnoor. Filing 1. The new complaint alleged the defendants would be charged with conspiring, together and with others, to distribute and possess 500 grams or more of a mixture or substance containing methamphetamine. Filing 1. And on October 7, 2022, during Ms. Samuelson's initial appearance on the new complaint, she made an oral motion to continue the trial, as additional time was needed to review new discovery and prepare for trial on the new charge. *See* filing 8; filing 12. This motion was granted to serve the ends of justice, and Ms. Samuelson did not object to the excludable period being extended until January 23, 2023. *See* filing 79.

On October 18, 2022, during this excludable period, the government filed a Second Superseding Indictment. Filing 80. As alluded to in the complaint, it charged Ms. Samuelson and Mr. Schnoor with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. Filing 80. Additionally, it added a new co-defendant: Ernesto Guerrero Zarraga. Filing 80. According to the principles set forth in *Lightfoot*, Ms. Samuelson's clock under the Speedy Trial Act ***again reset and began to run anew*** on October 21, 2022, the day after her arraignment on the new indictment. *See* filing 85.[2]

---

[2] Ms. Samuelson notes that Mr. Zarraga was in federal custody prior to her arrest in September 2020, but was released in error and absconded from the United States. Filing 145 at 2. That Mr. Zarraga was allegedly in custody at one point does not impact the speedy trial analysis as it relates to Ms. Samuelson. Since he was *newly indicted on these specific charges* on October 18, 2022, his addition as a co-defendant reset Ms. Samuelson's speedy trial clock under *Lightfoot*.

5

However, non-excludable days did not begin to accumulate at this time because, as explained above, Ms. Samuelson's motion to continue granted on October 7, 2022, extended the excludable period until January 23, 2023, and there is no reason to conclude that the filing of the second superseding indictment had any effect on that waiver. *See* filing 79. Ms. Samuelson requested a continuance and agreed to this extension of the excludable period[3] *because she anticipated more time was needed to prepare for trial given the new conspiracy charge outlined in the criminal complaint. See* filing 79. No doubt, this need still existed two weeks later when the indictment reflecting this new charge was formally filed. In other words, since Ms. Samuelson's waiver of the speedy trial period until January 23, 2023, was motivated by an anticipation of new charges and related discovery, the Court sees no reason why this waiver should not attach to these new charges once they were formally indicted.

On January 17, 2023, before the expiration of this exclusion period, Ms. Samuelson's request to set a change of plea hearing was granted, resulting in her case's removal from the trial docket and a hearing being set for March 7, 2023. Filing 90. The time between Ms. Samuelson's request to set a change of plea hearing, through the conclusion of the hearing on March 7, 2023, was excluded for the purposes of the Speedy Trial Act according to § 3161(h)(1)(D). *See United States v. Mallett*, 751 F.3d 907, 911-13 (8th Cir. 2014). This is true even though Ms. Samuelson did not ultimately enter a guilty plea at this hearing.

---

[3] Although this was an oral motion to continue and there is no written motion in which Ms. Samuelson explicitly agrees to this exclusion period, she did not file an objection to the Magistrate Judge's Order outlining this exclusion period despite it warning that her failure to do so would "be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy trial Act. *See* filing 79 at 2.

Ms. Samuelson requested a change of plea hearing and agreed to be taken off the trial docket until it occurred. *See* filing 90. This indicated to the Court that she would be pleading guilty. It appears this did not occur because the plea agreement proposed by the government was not acceptable to Ms. Samuelson. *See* filing 109. But it was Ms. Samuelson's decision to request a change of plea hearing before she knew whether the government would proffer an agreement with acceptable terms. Accordingly, the trial delay caused by her vacillation "is properly charged to [her] and excluded from the 70-day period." *See United States v. Maynie*, 257 F.3d 908, 914 (8th Cir. 2001).

At the change of plea hearing, after it was determined that Ms. Samuelson would not be pleading guilty, the parties indicated they were still negotiating possible resolutions. *See* filing 109. Since a formal agreement had not yet been reached, however, the Magistrate Judge reset the case for trial with defense counsel's approval. *See* filing 109. When May 22, 2023, was proposed as a trial date, defense counsel agreed he would need until then to prepare. Filing 109. And both defense counsel and Ms. Samuelson—who appeared at the hearing—had no objection to the days leading up to the May 22, 2023, trial being excluded for purposes of the Speedy Trial Act. *See* filing 109. Thus, not a single non-excludable day had elapsed at this point.

At a pretrial conference held on May 11, 2023, it was determined the government had provided Ms. Samuelson with a formal plea agreement. Filing 117. The government also expressed that new evidence had come to light through a new witness. Filing 117. Ms. Samuelson, however, indicated she would not accept a plea agreement and that she was ready to proceed to trial. Filing 117. For the first time, the government moved to continue the trial. The Magistrate Judge indicated this may further the interest of justice because (1) it would allow defense counsel to interview the new witness, and (2) it would

give Ms. Samuelson time to further consider the plea in light of information that the government could soon be bringing additional charges against her. Filing 117. Ms. Samuelson objected to a continuance, noting speedy trial concerns and arguing for the first time that any new charges would likely "gild" the currently pending indictment as opposed to changing it substantively. Filing 117. The Magistrate Judge kept the trial set for May 22, 2023, as previously agreed to by Ms. Samuelson.

On May 16, 2023, the government filed a Third Superseding Indictment. Filing 118. Ms. Samuelson was arraigned on this indictment on May 18, 2023. **It is important to note that, as outlined above, not a single non-excludable day had elapsed against Ms. Samuelson for purposes of the Speedy Trial Act at the time this indictment was filed.** In reaching this conclusion, the Court rejects Ms. Samuelson's argument that neither the first or second superseding indictment restarted her clock under the "gilding exception" to the Speedy Trial Act because they were "based on the same facts" as the original indictment. Filing 145 at 4. The Eighth Circuit has held "there is no gilding exception to the Speedy Trial Act." *United States v. Washington*, 893 F.3d 1076, 1079 (8th Cir. 2018). And given that the first and second superseding indictments both joined a new defendant, the conclusion that they did not restart Ms. Samuelson's Speedy Trial Act clock is simply inaccurate. *See Lightfoot*, 483 F.3d at 885-86.

With this in mind, there is *no set of facts* under which the Court could conclude that a Speedy Trial Act violation has occurred. Even assuming (without deciding) that Ms. Samuelson's waiver of the speedy trial clock until May 22, 2023, did not survive the third superseding indictment, only **two non-excludable days** elapsed between the filing of this indictment and her arraignment on May 18, 2023. Her motion to dismiss was filed on June 2, 2023

(filing 144), and her trial is set to commence on June 13, 2023 (filing 146). At most—without even considering if any days in the interim are excludable—an additional **twenty six non-excludable days** will elapse between her most recent arraignment and trial. Thus, Ms. Samuelson's motion to dismiss based on a violation of the Speedy Trial Act is denied.

Although Ms. Samuelson's Sixth Amendment speedy trial claim must be considered separately under the *Barker* factors, *see Washington*, 893 F.3d at 1079, it does not fare any better. First, it is important to remember that "it [is] unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006). Still, the Sixth Amendment *may* provide protection against delays caused by gilded indictments that the Speedy Trial Act does not. *See Washington*, 893 F.3d at 1079. This is because, under the Sixth Amendment, the relevant delay interval is from the defendant's *first* indictment until trial, and the question is whether the government moved with the dispatch that is appropriate to assure the defendant an early and proper disposition of the charges. *See United States v. Macdonald,* 456 U.S. 1, 7 (1982). Accordingly, trial delays caused by superseding indictments that simply recharge the same offenses or fail to allege new facts could be characterized as deliberate attempts to delay trial that would weigh heavily against the government under *Barker*. *See Washington*, 893 F.3d at 1079-80; *United States v. Williams*, 557 F.3d 943, 949 (8th Cir. 2009). The Court will consider Ms. Samuelson's gilded indictment claims in its *Barker* analysis and in light of "the particular context of the case." *United States v. Erenas-Luna*, 560 F.3d 772, 779 (8th Cir. 2009) (quoting *Barker*, 407 U.S. at 522).

As the delay between Ms. Samuelson's initial indictment and her motion to dismiss—about 31 months—is presumptively prejudicial, the Court will

proceed to analyze the four *Barker* factors. *Cooley*, 63 F.4th at 1177. Under the first factor—length of delay—the Court must consider whether this delay is "uncommonly long." *Id*. at 1178. Previously, the Eighth Circuit has classified similar delays as "lengthy but not extraordinary." *Id*. Thus, the first factor weighs in Ms. Samuelson's favor, but not heavily. *Id*. Conversely, the reasons for this delay, how Ms. Samuelson asserted (or more precisely didn't assert) her speedy trial right, and the risk of prejudice weigh against a finding of a Sixth Amendment violation. *See Barker*, 407 U.S. 531.

When evaluating reasons for the delay, the Court considers "whether the government or the criminal defendant is *more to blame*." *Cooley*, 63 F.4th at 1178 (emphasis added). And "[d]elays which have been caused by the accused himself cannot, of course, be complained of by him." *United States v. Williams*, 557 F.3d 943, 949 (8th Cir. 2009). While Ms. Samuelson makes conclusory allegations that the government used superseding indictments to gild the initial charges against her, impermissibly delay her trial, and gain a tactical advantage, a review of the superseding indictments does not support this conclusion.

If the superseding indictments had added minor details or made small corrections to the previous charges, the Court could possibly infer the government was wielding its indictment power to impermissibly delay trial. However, in the instant case, each superseding indictment alleged new facts reflecting developments in the government's investigations. For example, both the first and second superseding indictments alleged the involvement of an additional co-defendant, and the second superseding indictment changed the charge against Ms. Samuelson from simple possession with the intent to distribute methamphetamine to conspiracy to intentionally possess with intent to distribute methamphetamine, together with her co-defendants. And there is

nothing in the record to support the conclusion that the government knew this information at the time of the initial indictment and intentionally charged it across superseding indictments "to drag out the trial process for the same conduct." Filing 145 at 4.

Still, the government's superseding indictments likely played a role in delaying trial—but Ms. Samuelson is equally, if not more, responsible for this delay. If, as Ms. Samuelson claims, the first and second superseding indictments simply charged the same conduct, she would not have needed more time to prepare for trial and should have raised her gilding and speedy trial arguments after they were filed. Instead, Ms. Samuelson brought numerous motions to continue in their wake and agreed that the additional time requested would not be considered for speedy trial purposes. She also did not object to similar motions made by her co-defendant. More likely is that Ms. Samuelson, recognizing the seriousness of these indictments, reasonably requested more time to prepare for trial. And given that these motions were granted at her request and in the interest of justice, it would be unfair to allow her to now circle back and argue these very same delays were prejudicial.

This conduct also sheds light on the third *Barker* factor—the manner in which Ms. Samuelson asserted her speedy trial right. Although Ms. Samuelson now claims that none of the superseding indictments filed over the course of the last two and a half years restarted her speedy trial clock, filing 145 at 4, she did not directly raise any speedy trial concerns until *after* she learned that a *third* superseding indictment was on the horizon, which was notably *seven months* after the second superseding indictment was filed and *seventeen months* after the first superseding indictment. Instead of asserting this right as the indictments arose, Ms. Samuelson repeatedly requested to continue her trial and affirmatively waived her speedy trial rights. Therefore, while Ms.

Samuelson's assertion of this right is given some weight, the manner of her assertion weighs against a finding of a speedy trial violation. *See Williams*, 557 F.3d at 949.

Most recently, Ms. Samuelson requested to continue the trial until May 22, 2023. This continuance was granted, in part, to allow for further plea negotiations. This is pertinent to the Court's conclusion that the prejudice against Ms. Samuelson in the current circumstances is minimal. Prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect . . . (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* at 949 (quoting *Barker*, 407 U.S. at 532). A substantial amount of the delay in this case was caused by Ms. Samuelson. And considering these delays were granted to put her in a better position—allowing her to further prepare for trial, negotiate a possible plea, etc.—the Court cannot conclude she was prejudiced by these delays.

Still, there is no doubt the delay caused by the third superseding indictment—which additionally charged that, on or about September 12, 2020, Ms. Samuelson used and maintained a place for the purpose of distributing methamphetamine in violation of 21 U.S.C. § 856(a)(l)—is attributable to the government. However, the prejudice caused by this delay was minimal. The indictment was filed on May 18, 2023, and resulted in the government requesting to continue the trial until June 12, 2023, approximately three weeks after the trial date previously requested by Ms. Samuelson.

It is unlikely an additional three-week delay substantially increased Ms. Samuelson's anxiety, especially since she has been on pre-trial release since January 6, 2021. *See Barker*, 407 U.S. at   532. Nor is it likely this delay

12

impaired Ms. Samuelson's defense. This delay creates no real risk of evidence deterioration. And while it may have allowed the government to obtain additional witness statements against Ms. Samuelson, it had far more time to do so during the *eight* continuances she requested over the course of this prosecution. In other words, Ms. Samuelson is equally, if not more, responsible for the delays that allowed these developments.

Overall, almost all of the delays in this case were requested by or agreed to by Ms. Samuelson. And in balancing all of the *Barker* factors, the Court cannot conclude that Ms. Samuelson's Sixth Amendment speedy trial rights were violated in these particular circumstances. Accordingly,

The defendant's motion to dismiss (filing 144) is denied.

Dated this 7th day of June, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge